UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN ANTHONY HAWKINS-EL,  )  <br>　　　　Plaintiff,　　　　　　　)  <br>　　　　　　　　　　　　　　　)  <br>　v.　　　　　　　　　　　　　)　　CAUSE NO.: 3:24-CV-315-JVB-JEM  <br>　　　　　　　　　　　　　　　)  <br>TONYA CONLEY, *et al.*,　　　　　)  <br>　　　　Defendants.　　　　　　)  | |

## OPINION AND ORDER

John Anthony Hawkins-El, a prisoner without a lawyer, filed a complaint. (ECF 1). Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Hawkins-El is proceeding without counsel, his allegations must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Hawkins-El, who is currently incarcerated at the Wabash Correctional Facility, complains about events that happened at the Miami Correctional Facility on April 22, 2022. He alleges that he and Sergeant Donny Betzner got into an argument he describes as a "heated altercation," so Hawkins-El struck Sergeant Betzner. (ECF 1 at 2). Correctional Officer Tonya Conley then put

Hawkins-El into a chokehold and tried to "bulk" him to the ground.[1] *Id*. Hawkins-El admits he was "struggling" to get out of the chokehold, so Sergeant Betzner took out his mace and began to spray him in the face. *Id*. Hawkins-El and Officer Conley fell backwards onto the bottom bunk, still struggling, and Hawkins-El buried his face into Officer Conley's body to avoid the mace. Hawkins-El then "got up to go decontaminate myself" and was met with a second burst of chemical agent by Sergeant Betzner. As Hawkins-El was still moving toward the "mop closet" to decontaminate himself, Sergeant Betzner punched him in the forehead. Hawkins-El claims he now suffers from back pain, neck stiffness, and headaches due to the incident. He has sued the officers for monetary damages.[2]

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Deference is given to prison officials when the use of force involves security measures taken to quell a disturbance because "significant risks to the safety of inmates and prison staff" can be involved. *McCottrell*, 933 F.3d at 663 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Jails are dangerous places, and security officials are tasked with the difficult job of preserving order and discipline among inmates. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). It is important that prisoners follow orders given by guards. *Id*. at 476-77 (citing *Soto v.

---

[1] He claims Officer Conley is 6' 3" or 6' 4" tall and that she weighs over 230 pounds, while Hawkins is 6' tall and weighs "about 230" pounds. (ECF 1 at 2).

[2] He also states he is seeking injunctive relief, but he doesn't specify in what form, and the Court does not find any sort of injunctive relief would be applicable to this case, especially considering Hawkins-El has since transferred facilities.

2

*Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984)). To compel compliance—especially in situations where officers or other inmates are faced with threats, disruption, or aggression—the use of summary physical force is often warranted. *Id*. at 477 (citing *Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993)). That is not to say, however, that such justification exists "every time an inmate is slow to comply with an order." *Lewis*, 581 F.3d at 477. Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Hendrickson*, 589 F.3d at 890.

Here, Hawkins-El admits he was the initial physical aggressor when he struck Sergeant Betzner while they were arguing and then struggled with Officer Conley when she tried to subdue him. Although he claims he was "no threat" after the second chemical spray was issued, his own allegations contradict that assertion because he admits he was still "try[ing] to get to the mop closet" when Sergeant Betzner punched him in the forehead to end the encounter. (ECF 1 at 3). Based on the foregoing events, the allegations in the complaint do not support an inference of excessive force because there was a clear need for the officers to use the force to subdue Hawkins-El after he struck an officer and continued to actively resist their efforts to control him. *See e.g., Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012) (affirming dismissal of complaint where "modest force" was applied and inmate "remained defiant," so guard "did not violate the Constitution by applying additional force" because "[c]ustodians must be able to handle, sometimes manhandle, their charges, if a building crammed with disgruntled people who disdain authority . . . is to be manageable"); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010) (affirming district court's dismissal of excessive force claim described in inmate's complaint "given the threat

3

to the safety of the officers and the threat to the maintenance of good order and discipline in the institution"); *see also Edwards*, 478 F.3d at 830 (plaintiff can plead himself out of court).

Hawkins-El also claims the officers are liable because they violated Indiana Department of Correction (IDOC) policy regarding the use of force. However, departmental policy violations do not amount to constitutional violations. *See Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"); *Conner v. Hoem*, 768 Fed. Appx. 560, 564 (7th Cir. 2019) ("In any case, the Constitution does not require state actors to enforce their own policies and regulations.") (citing *Garcia v. Kankakee Cty. Hous. Auth.*, 279 F.3d 532, 535 (7th Cir. 2002)). Therefore, Hawkins-El has not stated a claim by alleging the officers failed to follow IDOC policies.

Finally, Hawkins-El has sued Executive Regional Director Richard Brown for "fail[ing] to investigate the matter in depth, and to reprimand the defendants' unprofessional actions." (ECF 1 at 3). He has not alleged Director Brown had any involvement in the matter, and supervisor liability is insufficient to state a claim. *See e.g., Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) and *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (both noting that liability under 42 U.S.C. § 1983 is based on personal responsibility and that prison officials cannot be held liable for damages solely because they hold supervisory positions). In that same vein, even if Hawkins-El believes the use of force was inappropriate, IDOC regional directors "cannot reasonably be expected to take part personally in every internal investigation," and it cannot reasonably be inferred that the lack of an "in depth" investigation (according to Hawkins-El) caused him any constitutional harm. *See Thomson v. Jones*, 619 F. Supp. 745, 754 (N.D. Ill. 1985).

4

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A because the complaint fails to state any viable claims.

SO ORDERED on April 29, 2024.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT