UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN ANTHONY HAWKINS-EL, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:24-CV-315-JVB-JEM |
| ) | |
| TONYA CONLEY, *et al.*, ) | |
| Defendants. ) | |

## OPINION AND ORDER

John Anthony Hawkins-El, a prisoner without a lawyer, filed a "Petition for Certificate of Appealability." [DE 8]. The certificate of appealability requirement applies only to habeas corpus petitions. 28 U.S.C. § 2253(c). This case is a civil rights action brought under 42 U.S.C. § 1983. Accordingly, the motion will be denied as unnecessary.

Hawkins-El also seeks leave to proceed in forma pauperis on appeal. [DE 9]. However, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also Thomas v. Zatecky*, 712 F.3d 1004, 1006 (7th Cir. 2013) (describing "bad faith" as objective frivolousness). In many cases, "good faith" does not necessarily mean that the plaintiff has subjectively good intentions. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). Rather, "to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Id.* Appealing in forma pauperis is also prohibited when a plaintiff sues in "actual bad faith"—for instance when a plaintiff displays dishonesty in court filings. *See e.g., Bastani v. Wells Fargo Bank, N.A.*, 960 F.3d 976, 978 (7th Cir. 2020).

Hawkins-El's complaint was dismissed because it failed to state any claims. *See generally* (ECF No. 4). As set forth in the court's dismissal order, Hawkins-El alleged the following:

> [H]e and Sergeant Donny Betzner got into an argument he describes as a "heated altercation," so Hawkins-El struck Sergeant Betzner. (ECF 1 at 2). Correctional Officer Tonya Conley then put Hawkins-El into a chokehold and tried to "bulk" him to the ground. *Id*. Hawkins-El admits he was "struggling" to get out of the chokehold, so Sergeant Betzner took out his mace and began to spray him in the face. *Id*. Hawkins-El and Officer Conley fell backwards onto the bottom bunk, still struggling, and Hawkins-El buried his face into Officer Conley's body to avoid the mace. Hawkins-El then "got up to go decontaminate myself" and was met with a second burst of chemical agent by Sergeant Betzner. As Hawkins-El was still moving toward the "mop closet" to decontaminate himself, Sergeant Betzner punched him in the forehead. Hawkins-El claims he now suffers from back pain, neck stiffness, and headaches due to the incident.

*Id*. at 1-2. In assessing whether Hawkins-El had stated viable Eighth Amendment claims against the officers, the Court noted Hawkins-El admitted he was the initial physical aggressor and that, despite the claim that he was "no threat" after the second burst of chemical spray was issued, "his own allegations contradict that assertion because he admits he was still 'try[ing] to get to the mop closet' when Sergeant Betzner punched him in the forehead to end the encounter." *Id*. at 3. Based on Hawkins-El's own assertions, "the allegations in the complaint do not support an inference of excessive force because there was a clear need for the officers to use the force to subdue Hawkins-El after he struck an officer and continued to actively resist their efforts to control him." *Id*.[1]

In his motion, Hawkins-El states he should be "granted the opportunity to amend [his] complaint" because the use of force was "grossly disproportionate to the non-threat posed by Plaintiff." (ECF No. 9-1 at 1). He doesn't provide any additional facts that would support such a conclusion, nor does he dispute the facts set forth by the Court in its dismissal order. As noted above, the allegations do not support a claim of excessive force. *See Edwards v. Snyder*, 478 F.3d

---

[1] The court also dismissed the claims against the officers for failing to follow IDOC policy when effectuating the use of force because "departmental policy violations do not amount to constitutional violations." (ECF 4 at 4). The claims against the Executive Regional Director were dismissed because supervisor liability is insufficient to state a claim and because failing to conduct an "in depth" investigation of the matter doesn't state a constitutional violation. *Id*.

2

827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006) (noting that a plaintiff can plead himself out of court if he pleads facts that preclude relief).

Moreover, allowing Hawkins-El leave to file an amended complaint would be futile. Although he checked the box indicating he has never "sued anyone for this exact same event," (ECF No. 1 at 4), this statement, declared by Hawkins-El under penalty of perjury, is false. Following the entry of judgment, the Court discovered Hawkins-El had previously filed two petitions for writs of habeas corpus in the Southern District of Indiana based on the events at issue here.[2] *See Hawkins-El v. Vanihel*, cause no. 2:22-CV-550-JRS-MKK (S.D. Ind. Nov. 30, 2022) ("Hawkins-El Habeas #1") and *Hawkins-El v. Vanihel*, cause no. 1:22-CV-2331-SEB-CSW (S.D. Ind. Dec. 2, 2022) ("Hawkins-El Habeas #2").[3] Both petitions stem from prison disciplinary convictions of A-117 battery against staff that occurred on the morning of April 22, 2022—one for battering Sergeant Donny Betzner and one for battering Correctional Officer Tonya Conley. Relevant portions of the conduct reports forming the basis of the disciplinary convictions include the following:

> On 4/22/2022 at approximately 8:50AM, I Sgt. D. Betzner was performing curtain detail in JHU. After removing the curtain that was hanging in JHU 103-104 an offender later identified as Hawkins, John 986724 began to walk towards myself and Officer T. Conley asking why we took his curtain. . . .
>
> He continued to make his plea about his curtain then suddenly struck me in the left side of my face hitting me in the eye causing blood to obscure vision in that eye at that point I attempted to perform blocking techniques to prevent further injury but

---

[2] Although the habeas petitions would not have been counted as strikes in determining whether Hawkins-El initially qualified for in forma pauperis status, they are clearly relevant to the current litigation. It is evident Hawkins-El was and is aware of those lawsuits and knows they are based on the same events described here, as he continues to actively litigate them. Hawkins-El's failure to disclose them is evidence of actual bad faith. However, because the Court will deny the motion to appeal in forma pauperis for an additional reason, the issue of actual bad faith will not be considered as solely dispositive.

[3] The Court is permitted to take judicial notice of public documents in its orders connected with the screening of a complaint. *See* Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647-48 (7th Cir. 2018); *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts."); *Mosley v. Ind. Dep't of Corr.*, No. 22-2722, 2024 WL 1651902, at *2 (7th Cir. Apr. 17, 2024) ("Proceedings in state court are proper subjects of judicial notice.").

> was still struck at least two more times in the head and got shoved back into a wall injuring my left shoulder.
>
> As suddenly as the assault began the incarcerated individual ceased his assault on me and struck Officer T. Conley and threw her onto the bed where it appeared he was attempting to hold her down. Due to my injuries I pulled my can of OC and began to spray the Incarcerated individual in hopes it would temporarily incapacitate him and cause him to release Officer Conley.
>
> Once I was able to get on target area he did get off of her and turned back towards me to which I applied a second burst of OC which did find the target area. He then began to move towards me so I took my uninjured hand that was holding the can of OC and performed a hammer fist that due to my vision being double I was unable to see where connected, but felt it connect.
>
> It was successful in deterring the incarcerated individual from further assault and he then ran to the mop closet by the slider and attempted to decontaminate himself from the OC spray. At that time Case worker Croft entered the range and asked for my restraints.
>
> As my can of OC was empty and Officer Conley was shaken from her ordeal I asked for hers and provided cover while he was being restrained. Due to the severity of the injury I was sent to outside treatment. Requesting restitution for medical expenses.

*Hawkins-El Habeas #1*, ECF No. 20 at 2-3 (quoting *Hawkins-El Habeas #1*, Conduct Report in MCF 22-04-0286, ECF No. 20-1). Several days after the incident, an investigator wrote a separate conduct report focusing on Officer Conley:

> I reviewed the Digital Video Recorder in the 1-2 side day room of J-Housing Unit for the date of 4-22-2022 from 8:49:28 am to 8:54:05 am. At 8:51:07 Hawkins is seen approaching Conley while she is standing in front of cell 109-110. Hawkins appears to be communicating to Conley and his body language appears to be hostile as he is waiving [*sic*] his arms around and pointing in different directions.
>
> At 8:51:59 Betzner and Conley begin to walk in front of cell 113-114. Hawkins strikes Betzner directly in Betzner's face with his right fist. Betzner falls back in a corner and Hawkins continues to go after him. Conley responds to the assault and all three individuals go off camera view.
>
> Hawkins right leg comes back into view of the camera and appears to be pushing into cell 111-112. Betzner's left leg appears in the view of the camera and enters the same cell. At 8:52:17 Betzner is seen backing out of the cell and Hawkins is walking toward him. Betzner is holding up his right hand appearing to be utilizing his chemical agent.

4

> Hawkins continues to walk toward Betzner as he is holding his face appearing to be contaminated by the chemical agent. At 8:52:27 Conley is seen coming out of the cell continuing to bend over at the waist appearing like she cannot breathe. Hawkins was restrained at 8:53:09 and escorted off the range.

*See Hawkins-El Habeas #2*, ECF No. 14 at 3 (quoting *Hawkins-El Habeas #2*, Conduct Report in MCF 22-04-0322, ECF No. 14-1). The conduct report also indicated "both Betzner and Conley were sent to Dukes [M]emorial Hospital due to the seriousness of their injuries they received from the assault." *Id*. at 2.

On August 9, 2022, a disciplinary hearing was conducted by DHO N. Angle for MCF 22-04-0286, and, after considering staff reports and evidence from the witnesses, Hawkins-El was found guilty of battering Sgt. Betzner. *See Hawkins-El Habeas #1*, ECF No. 20 at 5-6 (citing *Hawkins-El Habeas #1*, Report of Disciplinary Hearing in MCF 22-04-0286, ECF No. 20-7). Among other sanctions, he was sanctioned with "up to $50,000 in restitution for medical expenses" and a 6,838-day loss of good-time credit. *Id*. at 6. It was specifically noted that the "sanction reasoning [was] based on SBI causing extreme pain." *Id*. His appeals were denied. *Id*. (citing *Hawkins-El Habeas #1*, ECF No. 20-9 & ECF No. 20-10). Ultimately, after Hawkins-El was appointed counsel and the matter was fully briefed, the habeas petition was denied as well. *Hawkins-El Habeas #1*, ECF No. 56.

As for MCF 22-04-0322, a disciplinary hearing was conducted by DHO N. Angle, on August 16, 2022, and, after considering the staff report, witness statements, and the lay advocate, Hawkins-El was found guilty of battering Officer Conley. *See Hawkins-El Habeas #2*, ECF No. 14 at 5 (citing *Hawkins-El Habeas #2*, Report of Disciplinary Hearing in MCF 22-04-0322, ECF No. 14-5). Among other sanctions, he was sanctioned with "up to 1,000 [for] medical expenses" and a 365-day loss of good-time credit. *Id*. On administrative appeal, the loss of good time credit was modified to 180 days, but the restitution sanction remained the same, and his appeal to the

5

final reviewing authority was denied. *Id*. at 5-6 (citing *Hawkins-El Habeas #2*, ECF No. 14-7 & ECF No. 14-8). Finding that Hawkins-El had not demonstrated any violation of due process, the court denied the habeas petition. *Hawkins-El Habeas #2*, ECF No. 25.

Hawkins-El appealed the dismissal of both habeas petitions. On July 1, 2024, the order of the district court in Hawkins-El Habeas #2 was affirmed. *See Hawkins v. Vanihel*, cause no. 23-3352, 2024 WL 3251289 (7th Cir. July 1, 2024). The appeal of Hawkins-El Habeas #1 remains pending. *See generally Hawkins v. Vanihel*, cause. no. 24-1894 (7th Cir. 2024).

In addition to the two separate disciplinary actions, Hawkins-El was also charged criminally with two counts of battery against a public safety official, a Level 5 felony, in *State v. Hawkins*, No. 52D01-2209-F5-000252 (Miami Sup. Ct. 1 filed Sept. 9, 2022), https://public.courts.in.gov/mycase (last visited Jul. 31, 2024) ("*State v. Hawkins*"). Count 1 charged Hawkins-El with "knowingly or intentionally touch[ing] DONNY BETZNER, a public safety official, in a rude, insolent, or angry manner by striking him and/or struggling with him while said officer was engaged in the execution of his official duties, resulting in bodily injury, an eye socket fracture and/or a split eye lid." *See id*.; *see also* (Ex. 1 – Information).[4] Count 2 charged Hawkins-El with "knowingly or intentionally touch[ing] TONYA CONLEY, a public safety official, in a rude, insolent, or angry manner by striking her and/or struggling with her while said officer was engaged in the execution of her official duties, resulting in bodily injury, a facial contusion and/or scalp contusion." (Ex. 1 – Information). The probable cause affidavit is consistent with the facts set forth in the disciplinary reports quoted above, and it also indicates the following:

> Betzner and Conley were both sent to the hospital where they received treatment for their injuries. It was determined that Betzner's eye lid was split in 3 places requiring 8 stitches to repair as well as a CT scan determined that the Orbital socket had been fractured. Due to the nature of the fracture, Betzner was transported from

---

[4] Because the relevant documents are available online to Indiana attorneys but not readily available online to the public and in the spirit of N.D. Ind. L.R. 7-1(f), the clerk will be directed to attach the relevant filings to this order.

> Dukes Memorial Hospital to Lutheran Hospital where another CT scan of the injury and consultation with Doctor Austin Gerber determined that the eye socket fractured would require surgery to repair to alleviate the double vision. Conley received facial and scalp contusions.

*State v. Hawkins*; *see also* (Ex. 2 – Probable Cause Aff).[5] Hawkins-El pled guilty to Count 1 and Count 2, both of which were amended to Level 6 felonies, and, on November 16, 2023, he was sentenced to two years on each count to run consecutively with each other and consecutive to his underlying criminal convictions. *State v. Hawkins*; *see also* (Ex. 3 – Plea Agreement); (Ex. 4 – Sentencing). Hawkins-El appealed that case, but his attorney filed a motion to voluntarily dismiss it noting that, "Hawkins has been fully advised of his rights and the pros and cons of pursuing this appeal. Hawkins has informed counsel that he wishes to withdraw this appeal with prejudice." *Hawkins v. State*, No. 23A-CR-03010 (Ind. App. Dec. 11, 2023), https://public.courts.in.gov/mycase (last visited Jul. 31, 2024). The Court of Appeals of Indiana dismissed his case with prejudice on February 5, 2024. *Id*.

As noted above, Hawkins-El's original complaint fails to state a claim on its face because the allegations do not support an inference of excessive force. Instead, those allegations demonstrate a clear need for the officers to have used the force described to subdue Hawkins-El after he initiated a physical altercation with the guards. Moreover, in light of the additional information discovered by the Court regarding his disciplinary and criminal convictions, allowing him to amend his complaint would clearly be futile as he cannot bring claims that are inconsistent with those convictions. *See e.g.*, *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011) (noting that *Heck v. Humphrey*, 512 U.S. 477 (1994) "forbids a prisoner in his civil rights case to challenge a

---

[5] Hawkins-El filed a motion in his underlying habeas case arguing that these injuries were "de minimis." *See Hawkins-El Habeas #1*, ECF No. 33 at 1. He attached some of Sgt. Betzner's medical records he apparently received during the criminal proceedings, which indicate Sgt. Betzner received a CT scan at Dukes Memorial Hospital on April 22, 2022, showing he suffered a "left orbital blowout fracture." *Id*. at 2. In a separate motion objecting to the request to seal those documents, Hawkins-El himself claims the medical records "attest to the 'veracity of truth.'" *Hawkins-El Habeas #1*, ECF No. 36 at 2.

finding in his criminal or prison-discipline case that was essential to the decision in that case; if he insists on doing that, the civil rights case must be dismissed."). While not all excessive force claims are categorically barred by *Heck,* they are "if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006). Viewing the allegations Hawkins-El made in his original complaint in conjunction with those facts in the disciplinary and criminal cases mentioned above, there is no basis to conclude that he could assert a viable constitutional claim based on this incident that is consistent with the allegations he has already made under penalty of perjury. *See e.g., Morgan v. Schott*, 914 F.3d 1115, 1120 (7th Cir. 2019) ("The favorable-termination rule [in *Heck*] is more than a procedural hurdle that plaintiffs can skirt with artful complaint drafting or opportunistic affidavits. Rather, it is grounded in substantive concerns about allowing conflicting judgments."). Therefore, it would be futile to permit him to amend.

For these reasons, the Court:

(1) **DIRECTS** the clerk to attach Exhibits 1, 2, 3, and 4 to this order;

(2) **DENIES** the petition for certificate of appealability as unnecessary [DE 8]; and

(3) **DENIES** the motion for leave to appeal in forma pauperis [DE 9] both because there is evidence John A. Hawkins-El acted in actual bad faith when he failed to disclose his previous lawsuits and because an appeal in this case could not be taken in good faith as it would be futile to allow him to file an amended complaint in light of his previous convictions.

SO ORDERED on August 2, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

8